**E-FILED**

Monday, 24 September, 2007  11:49:47 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL LEVAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-cv-1022 |
| | ) | |
| STEVEN GEORGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## O P I N I O N   A N D   O R D E R

Before the Court is Plaintiff's Objections to the
Magistrate Judge's May 22, 2007 Report and Recommendation, filed
on June 14, 2007 [Doc. 34].  Plaintiff objects to Magistrate
Judge Byron G. Cudmore's Report and Recommendation denying in
part and granting in part Defendants' Rule 12(b)(6) Motions to
Dismiss Plaintiff's First Amended Complaint.  [Docs. 22, 24].
Specifically, Plaintiff objects to Judge Cudmore's
recommendation to dismiss, with leave to replead, Plaintiff's
access to the courts claim.

### BACKGROUND

Judge Cudmore accurately described the facts before the
Court as follows:

On February 5, 2004, Plaintiff appeared in Judge Kouri's
courtroom in the Peoria County Courthouse, for a hearing on
Plaintiff's motion to reconsider a default judgment that had

been entered against him in a traffic court case.  (Amended
Complaint, ¶ 12.)  Defendant Williams, an attorney for the City
of Peoria, was in the courtroom and had Plaintiff's court file
on the counsel table, behind the bar.  (Amended Complaint, ¶
13.)

Plaintiff needed to look at the court file to prepare for
the hearing, but Defendant Williams denied Plaintiff's attempts
to access the file, instead informing Plaintiff that she
intended to present a petition to show cause why Plaintiff
should not be arrested.  (Amended Complaint, ¶¶ 13-14.)
Defendant Williams also directed Defendant Westerfield, a Peoria
County Jail Officer, to arrest Plaintiff if he should traverse
in front of the bar.  (Amended Complaint, ¶ 15.)  Judge Kouri
was not present during the exchange.  (Amended Complaint, 16.)

Despite Defendant Williams' admonition, Plaintiff proceeded
beyond the bar to look at the court file.  (Amended Complaint, ¶
17.)  Defendant Williams again refused to allow Plaintiff access
to the court file and directed Defendant Westerfield to arrest
Plaintiff.  (Amended Complaint, ¶ 18.)

Defendant Westerfield arrested Plaintiff, despite lacking
probable cause to believe Plaintiff had committed any crime, and
despite Defendant Williams' lack of authority to order an
arrest.  (Amended Complaint, ¶ 19.)  Defendant George, another
Peoria County Jail Officer, took "off [P]laintiff's glasses and

2

release[ed] pepper spray into [P]laintiff's face and eyes while he was in the custody of Officer Westerfield." (Amended Complaint ¶ 20.) Defendants Westerfield and George then placed Plaintiff in a jail cell adjoining the courtroom. (Amended Complaint, ¶ 21.)

While Plaintiff was in the jail cell, Defendant Weber, yet another Peoria County Jail Officer, came in and "kicked [P]laintiff in the face...and pulled his hair upwards and again pepper sprayed the face of [P]laintiff. Officer Weber also slammed [P]laintiff's face into the corner of the elevator when transporting him...to the Peoria County Jail." (Amended Complaint ¶ 22.)

Criminal proceedings were instituted against Plaintiff based on Defendants' false account of Plaintiff's behavior in the courtroom. Plaintiff was charged with disorderly conduct, resisting a peace officer, and aggravated battery. Plaintiff was ultimately acquitted of the charges in a criminal trial in July 2006. (Amended Complaint, ¶ 23.)

In February 2006, Plaintiff initiated this lawsuit and pursued three claims in his amended complaint filed November 28, 2006: (1) false arrest; (2) excessive force; and (3) denial of access to the courts. (Amended Complaint ¶¶ 26-30.) Defendants brought Motions to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) [Docs. 22, 24]. Judge Cudmore issued a

Report and Recommendation ("R&R") on May 22, 2007, denying in part and granting in part Defendants' Motions to Dismiss Plaintiff's Complaint.  Specifically, Judge Cudmore recommended dismissal of Plaintiff's access to courts claim, with leave to replead, and recommended the dismissal of any claim by Plaintiff for malicious prosecution claim based on the Fifth Amendment, "to the extent he makes one."  [Doc. 29, p. 1]  Judge Cudmore then recommended that the Motions otherwise be denied. [Doc. 29, p. 1]

Plaintiff now objects to Judge Cudmore's recommendation for the dismissal of Plaintiff's access to courts claim.

**LEGAL STANDARD**

The standard of review of an order or recommendation made by a magistrate judge is governed by 28 U.S.C. § 636(b)(1), and Federal Rule of Civil Procedure 72.  A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.  Id. "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate with instructions."  Fed. R. Civ. Pro. 72(b).

When considering a motion to dismiss, the Court must accept as true all factual allegations in the claim and draw all reasonable inferences in the light most favorable to the non-

moving party.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief.  Turner/Ozanne v. Hyman/Power, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

**ANALYSIS**

Plaintiff takes issue with Judge Cudmore's finding that Plaintiff, in his access to courts claim, must allege how Defendants' actions, in removing him from the courtroom, caused injury in the underlying traffic case.  Plaintiff argues that Judge Cudmore's ruling "ignores the loss of plaintiff's liberty proximately caused by Counsel Williams and Officer Westfield's interference with the exercise of his constitutionally protected right to access the court file . . . ."

A claim for deprivation of the constitutional right of access to courts must allege "the underlying cause of action, whether anticipated or lost" and must "describe the official acts frustrating the litigation."  Christopher v. Harbury, 536 U.S. 403, 415 (2002).  The plaintiff in Christopher was not able to succeed on an access to courts claim because she failed to identify a cause of action she lost as a result of defendants' actions and she did not identify a remedy that could be awarded.  Id. at 418-19.  In this case, Plaintiff is able to identify a

loss – the opportunity to immediately defend himself in traffic court on the day he was arrested.  However, Plaintiff fails to show how this delay prejudiced his underlying traffic case – i.e. how Defendants' actions resulted in a lost remedy.  Id, at 415-16; Pratt v. Tarr, 464 F.3d 730, 732-33 (7th Cir. 2006) (access claim does not have to be specific, but allegations must give notice of prejudice).

In Plaintiff's Objections he argues that he has a right to access claim because his case involves a "third category of deprivation of the right of access to the courts": when "state actors use of the state power of arrest during a litigant's exercise of the right of meaningful access to the courts." [Doc. 34, p. 4]  This argument fails to address the issue Judge Cudmore presented – that Plaintiff must allege how Defendants' acts actually prejudiced the Plaintiff's case in traffic court. [Doc. 29, p. 14]  As Judge Cudmore indicated in his R&R, Plaintiff's false arrest did not have an adverse result on his traffic court proceedings.  [Doc. 29, p. 14]  Defendants' actions in arresting Plaintiff only resulted in the February 5, 2004 hearing to be continued to a later date.  The type of injury that Plaintiff highlights - loss of liberty - was the result of the false arrest, not the result of any interference with his access to the courts.

Out of an abundance of caution, Judge Cudmore also recommended that Plaintiff be allowed leave to file an amended complaint to state an access to the courts claim "if he believes he is able." [Doc. 29, p. 16] If Plaintiff is able to allege that the interference with his access to the court file on February 5, 2004 had an appreciably negative effect on his ability to defend the underlying traffic suit, Plaintiff may be able to proceed on this claim. If Plaintiff is unable, then the Court sees no reason to allow this claim to continue as "the court can award no remedy that the plaintiff could not [be] awarded on a presently existing claim." Christopher, 536 U.S. at 416.

Accordingly, the Court agrees with Judge Cudmore's recommendation for the dismissal of Plaintiff's access to courts claim with leave to file an amended complaint.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Objection [Doc. 34] is OVERRULED.  The Report and Recommendation is ADOPTED. Defendants' Motions to Dismiss [Docs. 22 and 24] are GRANTED IN PART and DENIED IN PART.  The Motions are GRANTED with respect to Plaintiff's access to courts claim and malicious prosecution claim based on the Fifth Amendment, to the extent Plaintiff makes such a claim.  However, Plaintiff has leave to file an amended access to courts claim within 14 days of the date of this Order.  In all other respects, the Motions are DENIED.


Entered this  24th  day of September, 2007

                                    s/ Joe B. McDade
                                    JOE BILLY McDADE
                            United States District Judge